# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ARTHUR RICHARDSON,

:

    Petitioner,                                       Case No. 1:10-cv-620

:              Chief Judge Susan J. Dlott
  -vs-                                          Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden, Chillicothe
Correctional Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

       Petitioner Arthur Richardson brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain release from the term of imprisonment he is serving in Respondent's custody. He was convicted of one count of burglary in the Hamilton County Common Pleas Court and sentenced to a term of six years. He pleads the following Grounds for Relief:

> **Ground One:** Mr. Richardson's conviction for burglary must be reversed where it was obtained under an indictment that was void, a violation of the fifth, sixth amendments of the U.S. Constitution.
>
> **Supporting Facts:** Without jury protections, the Indictment is void and the conviction and sentence is also void *ab initio*.
>
> **Ground Two:** The court must reverse Mr. Richardson's conviction for burglary where the Indictment was structurally defective.
>
> **Supporting Facts**: Without jury protections, the Indictment is void and the conviction and sentence is also void *ab initio*.
>
> **Ground Three:** Mr. Richardson was denied the effective assistance of counsel.

-1-

> **Supporting Facts:** Without the fourth, fifth and sixth amendment to the united states of america [sic] Constitution, denial of due-process and equal-protection of the laws.

(Petition, Doc. No. 4.) On Judge Wehrman's Order (Doc. No. 5), Respondent has filed a Return of Writ (Doc. No. 13) and Petitioner has filed a Reply (Doc. No. 14). The case is therefore ripe for decision.

### Ground One

In his first Ground for Relief, Mr. Richardson claims his conviction should be set aside because it is based on a void indictment. He did not argue the claim in the Petition, but in the Reply[1] he makes it clear his claim is that the Indictment did not specify the predicate offense.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

There is no federal constitutional right to indictment. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,*408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result). As a matter of due process, the charging document must "contain[s] the element of the offense intended to be charged, 'and sufficiently apprise the defendant of what he must be prepared to meet,'"

---

[1] It appears that all of the Reply except the cover page consists of photocopied pages from Mr. Richardson's brief on direct appeal in that it is in a different typeface from the cover pages and refers to "assignments of error."

*Valentine v. Konteh,* 395 F.3d 626, 631 (6th Cir. 2005) citing *Russell v. United States,* 369 U.S. 749, 763-64 (1962). When this claim was before the Ohio Court of Appeals on direct appeal, that court held:

> In this case, the indictment tracked the statutory language for burglary under R.C. 2911.12(A)(2) and included the requisite mens rea element "with purpose to commit, in the habitation, any criminal offense." *See State v. Gardner,* 188 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶33 (analyzing identical language in the aggravated burglary statute). This was all that was required. *State v. Abel*, 9th Dist. No. 08CA009506, 2009-Ohio-2516, ¶11; see, also, *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.3d 836, ¶31 (holding that aggravated-burglary indictment that tracked the statutory elements of the offense did not need to allege the particular criminal offense that the defendant intended to commit). The means that satisfied the mens rea—the underlying offense that Richardson had intended to commit—was not an element. *Gardner, supra.* Thus, the indictment was not defective.
>
> Moreover, the record demonstrates that Richardson had notice of the state's theory on how Richardson had committed the offense—that Richardson had trespassed with purpose to commit the offense of theft. This notice came from the bill of particulars, the trial transcript, and the jury instructions. Thus, Richardson has failed to demonstrate a defective indictment, much less structural error requiring the vacation of his conviction.

*State v. Richardson*, ¶¶ 38-39, to Return of Writ, Doc. No. 13, Exhibit 9. This Court must accept the state court's ruling on questions of Ohio law, to wit, that the indictment contained all the required elements under Ohio law. The notice Mr. Richardson received was perfectly satisfactory

-3-

under the Constitution and indeed Richardson's lawyer advised the Court that he understood what the State's theory was and had explained it to his client. Accordingly, the first Ground for Relief is without merit and should be dismissed.

### Ground Two

In Ground Two Mr. Richardson claims his Indictment was "structurally defective." As noted with respect to Ground 1, there is no federal constitutional right to grand jury indictment. Moreover, the sole authority relied on by Petitioner, *State v. Colon*, 118 Ohio St. 3d 26, 885 N.E. 2d 917 (2008)("Colon I"), and *State v. Colon*, 119 Ohio St. 3d 204, 893 N.E. 2d 169 (2008)(*Colon II*), has been overruled. *State v. Horner*, 126 Ohio St. 3d 466, 473, 935 N.E. 2d 26, 33-34 (2010). Ground Two is without merit and should be dismissed.

### Ground Three

In Ground Three Mr. Richardson claims his trial attorney provided constitutionally ineffective assistance of counsel. Respondent claims this Ground for Relief is procedurally defaulted because it was not included in Mr. Richardson's appeal to the Ohio Supreme Court. Mr. Richardson does not respond to this defense, but merely repeats the arguments he made in the Court of Appeals as to how the trial representation was ineffective.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Because Mr. Richardson plainly did not pursue this claim on direct appeal to the Ohio Supreme Court, he has forfeited it by his procedural default. Ground Three must also be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Mr. Richardson should be denied any requested certificate of appealability and denied leave to appeal *in forma pauperis*.

September 21, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

R:\Documents\Richardson Habeas R&R.wpd